Raymond **McDONOUGH**, Individually and as Vice-President of Local 32-E of the Service Employees Union AFL-CIO, Plaintiff,

v.

**LOCAL NO. 32-E OF the SERVICE EMPLOYEES INTERNATIONAL UNION AFL-CIO; Henry Chartier, President and Robert Chartier, Secretary-Treasurer, Defendants.**

No. 84 Civ. 2683-CSH.

United States District Court, S.D. New York.

April 25, 1984.

**464**

Broderick, Broderick & Redmond, Bayside, N.Y., for plaintiff; Patrick F. Broderick, Bayside, N.Y., of counsel.

Miller & Bush, New York City, for defendants; Irving T. Bush, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Raymond McDonough is currently a vice-president of the defendant Union, Local 32–E of the Service Employees International Union, AFL–CIO. Plaintiff is also a candidate for election as the Union's president. In addition to the Union, the defendants are Henry Chartier, the incumbent president, and Robert Chartier, the incumbent secretary-treasurer. The next election of Union officers is currently scheduled to take place on May 2, 1984.

On April 16, 1984 plaintiff filed this pre-election suit for injunctive relief. The complaint alleges two causes of action. The first cause of action invokes the provisions of Title II, section 201(c) of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 431(c). (The statute is hereinafter referred to as "LMRDA".) In the first cause of action, the complaint alleges that the Union and its present officers have failed to file the Union's annual financial report for 1983 within the period required by the LMRDA.

The second cause of action complains of various irregularities and imperfections in respect of defendants' conduct of a membership meeting held for the purpose of nominating candidates for election. It is also alleged, in conclusory fashion, that the actions taken at the meeting in question "are causing irreparable harm to substantial numbers of union members by disenfranchising them from their right to participate in the pending election of officers." Complaint at ¶ 24. Subject matter jurisdiction over the second cause of action is said to arise under Title I of the LMRDA, 29 U.S.C. § 411.

By order to show cause, plaintiff prayed that the defendants be restrained from proceeding with the election:

"... until Local 32–E has filed all reports in compliance with federal statutes and giving members a reasonable opportunity to review the accuracy of said reports and further provide for the proper election of an election committee or in the alternative mandate rules for the members to have a reasonable opportunity to vote, and for such other further relief as this court may deem proper including reasonable attorneys fees." McDonough Affidavit of April 16, 1984 at p. 7.

Defendants move to dismiss the complaint on the grounds of mootness and lack of subject matter jurisdiction. For the reasons which follow, the motion is granted and the complaint is dismissed.

### I.

At the hearing, counsel for defendants represented that the Union had filed the financial statement required by the statute

with the Department of Labor. A copy of the statement as filed was proffered at the hearing. Counsel for plaintiff thereupon stated that he did not contest the representation of defendants' counsel, and that in consequence plaintiff's claims for relief under Title II of the LMRDA were no longer pressed. In these circumstances, the first cause of action alleged in the complaint is moot.

## II.

Under the Union's constitution and by-laws, officers are to be elected on May 2, 1984. On April 4 the Union convened a membership meeting to nominate candidates, select an election committee, and consider election procedures. That meeting was held pursuant to Article VII(d) of the constitution, which provides:

"All regular elections provided for hereunder shall be held under the supervision of an Election Committee consisting of five (5) members who shall be elected by the membership at the same meeting at which nominations are made. The members of the Election Committee shall elect their chairman. Members of the Election Committee shall not be candidates at any regular election."

Plaintiff is critical of the manner in which defendants conducted the April 4 meeting. Defendants challenge the accuracy of the McDonough affidavit's description of what transpired. But I will accept plaintiff's account for the purpose of evaluating defendants' jurisdictional motion.

Plaintiff says that defendant Henry Chartier chaired the meeting. Rival slates of officers were nominated, with plaintiff McDonough designated as a candidate for president. McDonough made a motion that the election be conducted by mail ballot. That motion was defeated by voice vote. According to plaintiff's account, Chartier then adjourned the meeting, before attending to the election of the election committee. Presumably some members left the meeting place, a catering establishment in the Bronx. Plaintiff's affidavits do not suggest how many members departed, or

their affiliation in respect of the rival candidates. Chartier thereupon reconvened the meeting for the purpose of selecting an election committee. Two groups of individuals were put forward. Those individuals favored by the incumbent officers were selected, again by voice vote.

Subsequently the election committee determined the mechanics of the election. Six polling places were designated. The hours of the voting were fixed from 8:00 a.m. through 6:00 p.m. A notice of election, in the English language, was mailed to the membership.

Plaintiff criticizes these arrangements. He says that the notice should be bilingual; that the notice of election was not mailed out fifteen days before the election, as required by Title IV of the LMRDA, 29 U.S.C. § 481(e); that the hours of voting are unfair to working members; and that mail (or absentee) balloting is necessary to give the geographically scattered membership a reasonable opportunity to vote.

These are common criticisms of election procedures. They are cognizable under Title IV of the LMRDA; but the statute precludes a pre-election action such as this to litigate such issues. Plaintiffs must instead initially apply to the Secretary of Labor, that expert designated by Congress in this area, who has the power to order a new election if the circumstances require. Federal district courts lack subject matter jurisdiction over claims which in their essence implicate Title IV. *Calhoon v. Harvey*, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); *Schonfeld v. Penza*, 477 F.2d 899 (2d Cir.1973); *Crowley v. Local No. 82*, 679 F.2d 978 (1st Cir.1982).

The present plaintiff's only arguable contention is that the April 4 meeting was so improperly conducted that employees' rights secured by section 101 of Title I of the LMRDA, 29 U.S.C. § 411, were violated. That section constitutes union members' "bill of rights." 29 U.S.C. § 411(a) provides:

"Every member of a labor organization shall have equal rights and privileges

within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and by-laws."

The district courts have jurisdiction under Title I to redress deliberate deprivations of those guarantees, even though they occur within the electoral context with which Title IV is designed to deal. *Schonfeld v. Penza, supra,* at 903.

■ In the case at bar, plaintiff's contention has to be that the April 4 meeting violated Title I in such a way as to taint beyond redemption the election procedures determined by the meeting, or by the election committee selected at the meeting. But the facts, accepting plaintiff's account *arguendo* and viewing that account in the light most favorable to plaintiff, do not support the argument. Primarily that is because there is no basis upon which to infer a deliberate deprivation by the incumbent officers of reform-minded members' rights as guaranteed by Title I. Chartier's alleged error lay in adjourning the meeting before an election committee had been selected. Insofar as a refusal to use absentee ballots—one of plaintiff's principal criticisms of the election process—the premature adjournment of the meeting is irrelevant, since the vote on absentee balloting took place before Chartier announced the adjournment. It is true that the election committee was selected after the meeting was reconvened. I am also prepared to accept that if a premature adjournment was in fact announced, a number of members had left and consequently did not participate in the election of that committee. But there is no basis to infer that the premature adjournment was invidiously motivated, so as to implicate Title I. There is no suggestion, for example, that plaintiff's supporters were misled into leaving the hall while Chartier loyalists remained behind; or that insurgents were denied readmission when the meeting was reconvened. Indeed, it is arguable, in theory at

least, plaintiff stood to benefit by a changed "mix" in the membership, his motion for absentee ballots having been defeated before the premature announcement of adjournment. Since the constitution specifically provides that the members of the election committee must be elected at the same meeting at which nominations are made, all members attending the meeting (including plaintiff) had at least constructive knowledge that Chartier erred in adjourning the meeting before that committee had been selected. It was open to anyone to raise that point when a motion to adjourn was first called for, and before anyone had left. Plaintiff's affidavits do not suggest that such an objection was made, or, if made, was improperly disregarded.

In short, there is no factual basis upon which plaintiff may appeal to Title I of the LMRDA. That being the case, Title IV is the only section of the statute implicated by these issues; and under the cited cases, this Court lacks jurisdiction to consider them. The public policy manifest in Title IV is "not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV." *Calhoon v. Harvey, supra,* 379 U.S. at 140, 85 S.Ct. at 296. Where both titles of the statute are invoked by a plaintiff, the court's function is to determine whether or not the claims are "essentially Title IV claims," *Crowley v. Local 82, supra,* at 986. In the case at bar I answer that question in the affirmative, and dismiss the second cause of action for lack of subject matter jurisdiction.

### III.

For the foregoing reasons, plaintiff's motion for injunctive relief is denied. Defendants' motion to dismiss the complaint is granted. The Clerk of the Court is directed to dismiss the complaint without prejudice and without costs.

It is SO ORDERED.